UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

OUMAR BARRY,

                    Plaintiff,

-against-

NEW YORK STATE DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION, et al.,

                    Defendants.

No. 25-CV-791 (CS)

ORDER OF SERVICE

---

CATHY SEIBEL, United States District Judge:

    Plaintiff Oumar Barry, who is currently incarcerated in the Shawangunk Correctional Facility, brings this action *pro se*, asserting claims for damages under 42 U.S.C. § 1983. He sues: (1) the New York State Department of Corrections and Community Supervision ("DOCCS"); (2) DOCCS Commissioner Daniel F. Martuscello III; (3) Sing Sing Correctional Facility ("Sing Sing") Superintendent Michael Capra; (4) Sing Sing Deputy Superintendent of Security Babu Thumpayil; (5) Sing Sing Correctional Sergeant F. Bailey; (6) the Sing Sing Deputy Superintendent of Administration (referred to by Plaintiff as unidentified defendant "John Doe/Jane Doe"); (7) Sing Sing Nurse A. Sewell; and (8) the Sing Sing Deputy Superintendent of Programs (also referred to by Plaintiff as unidentified defendant "John Doe/Jane Doe").

    By order dated February 3, 2025, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[1] For the reasons set forth below, the Court dismisses Plaintiff's claims under Section 1983 against DOCCS. The Court directs service on the remaining individual defendants, and directs their compliance with Local Civil Rule 33.2.

---

[1] Prisoners are not exempt from paying the full filing fee, even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

**STANDARD OF REVIEW**

The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

**DISCUSSION**

**A.     DOCCS**

The Court must dismiss Plaintiff's claims under 42 U.S.C. § 1983 against DOCCS. "[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogate[d] the states' Eleventh Amendment immunity. . . ." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009) (internal quotation marks and citation omitted, second alteration in original). "[T]he immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." *Id*. (internal quotation marks and citation omitted). This immunity shields States from claims for money damages, injunctive relief, and retrospective declaratory relief. *See Green v. Mansour*, 474 U.S. 64, 72-74 (1985); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101-02 (1984).

Congress has not abrogated the States' immunity for claims under Section 1983, *see Dube v. State Univ. of N.Y.*, 900 F.2d 587, 594 (2d Cir. 1990), and the State of New York has not waived its immunity to suit in federal court, *see Trotman v. Palisades Interstate Park Comm'n*,

557 F.2d 35, 40 (2d Cir. 1977). DOCCS is an agency of the State of New York; it is, thus, an arm of that State and enjoys Eleventh Amendment immunity. *E.g.*, *Green v. Martuscello*, No. 7:25-CV-1194 (CS), 2025 WL 642871, at *1-2 (S.D.N.Y. Feb. 26, 2025).

The Eleventh Amendment therefore precludes Plaintiff's claims under Section 1983 against DOCCS. Accordingly, the Court dismisses all of Plaintiff's claims under Section 1983 against DOCCS under the doctrine of Eleventh Amendment immunity, for lack of subject matter jurisdiction and because Plaintiff seeks monetary relief from a defendant that is immune from such relief. Fed. R. Civ. P. 12(h)(3); *Close v. New York*, 125 F.3d 31, 38-39 (2d Cir. 1997) ("[U]nless New York waived its immunity, the district court lacked subject matter jurisdiction."); *Atl. Healthcare Benefits Trust v. Googins*, 2 F.3d 1, 4 (2d Cir. 1993) ("Although the parties do not address the Eleventh Amendment in their briefs, we raise it *sua sponte* because it affects our subject matter jurisdiction."); *see* 28 U.S.C. § 1915(e)(2)(B)(iii).

**B.    Service on the remaining individual defendants**

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on assistance from the Court and the United States Marshal Service ("USMS") to effect service.[2] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the USMS to serve if the plaintiff is authorized to proceed IFP).

To allow Plaintiff to effect service on the remaining individual defendants through the USMS, the Clerk of Court is instructed to fill out a USMS Process Receipt and Return form

---

[2]Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have effected service until the Court reviewed the complaint and ordered that any summonses be issued. The Court therefore extends the time to serve until 90 days after the date that any summonses issue.

3

("USM-285 form") for each of the remaining individual defendants. The Clerk of Court is further instructed to issue a summons for each of the remaining individual defendants and deliver to the USMS all the paperwork necessary for the USMS to effect service of a summons and the complaint upon each of the remaining individual defendants.

If a summons and the complaint is not served upon each of the remaining individual defendants within 90 days after the date that summonses are issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

C.      **Local Civil Rule 33.2**

Local Civil Rule 33.2, which requires defendants in certain types of prisoner cases to respond to specific, court-ordered discovery requests, applies to this action. These discovery requests are available on the court's website under "Forms" and are titled "Plaintiff's Local Civil Rule 33.2 Interrogatories and Requests for Production of Documents." Within 120 days of the date of service, the remaining individual defendants in this action must serve responses to these standard discovery requests. In their responses, the remaining individual defendants must quote each request verbatim.[3]

---

[3] If Plaintiff would like copies of these discovery requests before receiving the responses and does not have access to the website, he may request them from the court's Pro Se Intake Unit.

## CONCLUSION

The Court directs the Clerk of Court to mail an information package to Plaintiff.

The Court dismisses Plaintiff's claims against the New York State Department of Corrections and Community Supervision. Fed. R. Civ. P. 12(h)(3); *see* 28 U.S.C. § 1915(e)(2)(B)(iii).

The Court also directs service on the remaining individual defendants.

The Court further directs the Clerk of Court to: (1) issue summonses for the remaining individual defendants (Martuscello, Capra, Thumpayil, Bailey, the Sing Sing Deputy Superintendent of Administration, Sewell, and the Sing Sing Deputy Superintendent of Programs); (2) complete USM-285 forms with the service addresses for those defendants; and (3) deliver all documents necessary to effect service of a summons and the complaint upon each of those defendants to the USMS.

The Court directs the remaining individual defendants' compliance with Local Civil Rule 33.2 within 120 of the date of service of a summons and the complaint.

The Court certifies under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

Dated:   March 5, 2025
         White Plains, New York

*Cathy Seibel* (signature)

———————————————
CATHY SEIBEL
United States District Judge

**SERVICE ADDRESS FOR EACH DEFENDANT**

1. Daniel F. Martuscello III, Commissioner
   New York State Department of Corrections and Community Supervision
   1220 Washington Avenue, No. 9
   Albany, New York 12226

2. Michael Capra, Superintendent
   Sing Sing Correctional Facility
   354 Hunter Street
   Ossining, New York 10562-5442

3. Babu Thumpayil, Deputy Superintendent of Security
   Sing Sing Correctional Facility
   354 Hunter Street
   Ossining, New York 10562-5442

4. Sergeant F. Bailey
   Sing Sing Correctional Facility
   354 Hunter Street
   Ossining, New York 10562-5442

5. Deputy Superintendent of Administration
   Sing Sing Correctional Facility
   354 Hunter Street
   Ossining, New York 10562-5442

6. A. Sewell, Nurse
   Sing Sing Correctional Facility
   354 Hunter Street
   Ossining, New York 10562-5442

7. Deputy Superintendent of Programs
   Sing Sing Correctional Facility
   354 Hunter Street
   Ossining, New York 10562-5442