IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT

```
─────────────────────────────X
OUMAR KOUMI BARRY,           :
                             :
              Plaintiff,     :           APPLICATION FOR THE COURT
                             :           TO REQUEST COUNSEL
     V.                      :           CIVIL ACTION No.25-CV-0791
                             :
                             :
DOCCS ECT. Al,               :
              Defendant      :
─────────────────────────────X
```

(a)   Oumar Koumi Barry

(b)   I need an Attorney because I do not have permanent houseing due to my Substitute jail Order, so it is hard for me to receive mail & respond in a timely manner, sometimes my mail gets lost in transit or shows up extremely late. I am a laman to the law, I berely understand what to do or the rules & Regulations an how to do the things I am required, I am trying my best. I do not want to lose this case due to my ignorance to the law.

(c)   I have reached out to multiple lawyers through letters or having my friends call lawyers & None of the lawyers I have contacted have been able to assist me in this matter, The main answer I RECEIVED was they don not take prison cases.

(d)   I understan that if a lawyer volunteers to represent me & my lawyer learns that I can afford to pay for a lawyer the lawyer may give this information to the Court.

(e)   I understand that if my answers on my application for the Court to request counsel are false my case may be dismissed.

(f)   I declare under penalty of perjury that the foregoing it true & correct.

Dated: April 10, 2025



Oumar Koumi Barry, DIN: 25I0005

RECEIVED APR 21 2025 PRO SE OFFICE

The Court has no authority to appoint counsel in civil cases. The most it can do is to see if there is a lawyer who would volunteer to take Plaintiff's case. There are many more unrepresented litigants seeking counsel than there are volunteers, and even those willing to volunteer usually are interested only when the case is much closer to trial. Under Hodge v. Police Officers, 802 F.2d 58 (2d Cir. 1986), in determining whether to seek a volunteer, I must first consider whether the claims are likely to be of substance. At this stage, it is really too early to tell. Even if they were, I would then have to consider "the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in that case why appointment of counsel would be more likely to lead to a just determination." Here Defendants have not even all appeared; we do not know if a motion to dismiss will be made or granted, and thus even if we will get to discovery, let alone trial; and so far Plaintiff, despite the limitations he has identified, is doing an adequate job protecting his rights. Accordingly, the application is denied without prejudice to renewal at a later stage of the case. The Clerk of Court shall terminate ECF No. 13.

SO ORDERED.

*Cathy Seibel*    4/22/25
CATHY SEIBEL, U.S.D.J.