UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

OUMAR BARRY,

                Plaintiff,

-against-

NEW YORK STATE DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION, *et al.*,

                Defendants.

No. 25-CV-791 (CS)

ORDER

---

CATHY SEIBEL, United States District Judge:

      Plaintiff Oumar Barry, who is currently incarcerated in the Shawangunk Correctional Facility ("Shawangunk"), brings this action *pro se*, asserting claims for damages under 42 U.S.C. § 1983.  Plaintiff filed his initial complaint on July 27, 2025, asserting claims against (1) the New York State Department of Corrections and Community Supervision ("DOCCS"); (2) DOCCS Commissioner Daniel F. Martuscello III; (3) Sing Sing Correctional Facility ("Sing Sing") Superintendent Michael Capra; (4) Sing Sing Deputy Superintendent of Security Babu Thumpayil; (5) Sing Sing Correctional Sergeant F. Bailey; (6) the Sing Sing Deputy Superintendent of Administration (referred to by Plaintiff as unidentified defendant "John Doe/Jane Doe"); (7) Sing Sing Nurse A. Sewell; and (8) the Sing Sing Deputy Superintendent of Programs (also referred to by Plaintiff as unidentified defendant "John Doe/Jane Doe").  (ECF No. 1.)  By order dated February 3, 2025, the Court granted Plaintiff's request to proceed in forma pauperis ("IFP") – that is, without prepayment of fees.[1]

---

[1] Prisoners are not exempt from paying the full filing fee, even when they have been granted permission to proceed IFP.  *See* 28 U.S.C. § 1915(b)(1).

By order dated March 5, 2025, the Court dismissed Plaintiff's claims against DOCCS and directed service on Defendants Martuscello, Capra, Thumpayil, Bailey, Sewell, the Sing Sing Deputy Superintendent of Administration, and the Sing Sing Deputy Superintendent of Programs, (ECF No. 8), all of whom were served by August 22, 2025, (ECF Nos. 16, 30-34).  On July 25, 2025, Defendants filed a letter requesting a pre-motion conference to discuss their anticipated motion to dismiss, (ECF No. 22), to which Plaintiff replied on August 14, 2025, (ECF No. 25).  The Court held a conference on September 17, 2025, during which the parties discussed Defendants' proposed grounds for dismissal and the Court granted Plaintiff the opportunity to amend his complaint.  (*See* Minute Entry dated Sept. 17, 2025.)

On October 6, 2025, Plaintiff filed his Amended Complaint.  (ECF No 36 ("AC").)  In the AC, Plaintiff dropped his claims against Sewell, but reasserted his claims against Martuscello, Capra, Bailey, the Sing Sing Deputy Superintendent of Administration (whom the AC refers to as "John Doe 4"), and the Sing Sing Deputy Superintendent of Programs (whom the AC refers to as "John Doe 3").  (*See generally* AC.)  Plaintiff did not explicitly reassert claims against Thumpayil, but he sued the "Deputy Superintendent of Security" – which appears from the initial complaint to be Thumpayil – as "John Doe 2."  (*See* AC at 7; ECF No. 1 ("Compl.") at 1.)[2] Plaintiff also added claims against the correction officer in charge of intake at Sing Sing (John Doe 1); the DOCCS officer that "is the final decision maker in the Movement and Control department" (John Doe 5); the Sheriffs of Nassau and Suffolk Counties and the Wardens of Nassau and Suffolk Correctional Facilities (John Does 6-9); Dr. Win and Dr. Friel, who allegedly failed to provide him with adequate medical care at Shawangunk; Lisa Brennan, the Deputy

---

[2] All citations to documents submitted by Plaintiff use the page numbers generated by the Court's Electronic Case Filing ("ECF") system.

Superintendent of Programs at Shawangunk; Benny Thorpe, who appears to be a Superintendent at Shawangunk; Eric Besso, who was Plaintiff's assigned defense counsel in 2024; Raymound A. Tierney, the Suffolk County District Attorney; and Hon. Anthony Seft, a Suffolk County Judge.

For the reasons set forth below, the Court dismisses Plaintiff's claims against Defendants Win, Friel, Brennan, Thorpe, Besso, Tierney, Senft, and John Does 6-9. The Court directs the Attorney General to identify and provide service addresses for John Does 1 and 5 and the John/Jane Does in the yard at Sing Sing at the time Plaintiff was assaulted. The briefing schedule set at the Court's September 17, 2025 conference is postponed until a date to be set after Plaintiff has the opportunity to file another amendment naming the additional defendants.

## STANDARD OF REVIEW

The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

## DISCUSSION

A. **Claims Against Shawangunk Defendants**

Plaintiff seeks to add claims against several Defendants who allegedly mistreated him at Shawangunk, including Dr. Win, Dr. Friel, Lisa Brennan and Benny Thorpe. (*See* AC at 18-23.) While Plaintiff was granted leave to amend to add any facts in his possession that could be helpful in defeating Defendants' proposed motion to dismiss, (*see* Minute Entry dated Sept. 17,

3

2025), he was not authorized to include new claims against new defendants for conduct not embraced by the previous complaints, *see McCray v. Patrolman N.A. Caparco*, 761 F. App'x 27, 30 (2d Cir. 2019) (summary order) (dismissal of additional claims was proper where district court had granted leave to amend for a limited purpose and defendant exceeded scope of permitted amendment); *Sibley v. Watches*, No. 19-CV-6517, 2020 WL 3259294, at *1 (W.D.N.Y. June 16, 2020) (dismissing additional claims because "although [order granting leave to amend] did not explicitly prohibit Plaintiff from filing new claims, it also did not explicitly allow it," and "allegations can only be added with the opposing party's written consent, or the court's leave"); *see also Hester v. Fredenburgh*, No. 21-CV-1017, 2022 WL 457951, at *2 (N.D.N.Y. Feb. 14, 2022) ("[B]ecause the Court granted plaintiff leave to amend only to correct the pleading defects discussed in the [prior] Order, plaintiff may not amend his complaint to add new claims that are unrelated to the underlying incident and facts originally giving rise to this action.").[3]

Further, amendment is improper where the amended complaint "seeks to add a new defendant in violation of the limits on permissive joinder of defendants," which require that a "right to relief is asserted against [the defendants] jointly, severally or in the alternative arising out of the same transaction, occurrence, or series of transactions and a question of law or fact common to all of them will arise in the action." *Vializ v. Dzurenda*, No. 11-CV-59, 2011 WL 5374133, at *1 (D. Conn. Nov. 8, 2011) (citing Fed. R. Civ. P. 20(a)(2)). Plaintiff's allegations regarding his treatment at Shawangunk – which accuse the Shawangunk Defendants of providing inadequate medical care, depriving him of his right to the free exercise of his religion and denying him access to his Securus content – are entirely unrelated to the original Defendants' alleged failure to protect him from abuse at Sing Sing.

---

[3] The Court will send Plaintiff copies of any unreported decisions cited in this Order.

4

Moreover, Shawangunk is located within Ulster County. *See Strothers v. Doe*, No. 22-CV-9344, 2022 WL 17418513, at *1 (S.D.N.Y. Nov. 4, 2022); *Jackson v. Polizzi*, No. 20-CV-3105, 2020 WL 8838049, at *1 (S.D.N.Y. June 10, 2020). Thus, to the extent that Plaintiff seeks to assert claims against these defendants, he should do so in a separate action in the Northern District of New York.[4] *See McCray*, 761 F. App'x at 30-31 ("Although a district court may not dismiss a case *sua sponte* for improper venue absent extraordinary circumstances, we identify no error in its failure to transfer those claims to the Northern District of New York because they allege events not pleaded at the outset and well beyond the scope of permitted amendment.").

**B.     Claims Against Besso**

Plaintiff also seeks to add constitutional claims against Besso, who was assigned as Plaintiff's defense counsel in his 2024 criminal proceedings. (AC at 24.) But "[u]nder 42 U.S.C. § 1983, constitutional torts are only actionable against state actors or private parties acting under the color of state law." *Betts v. Shearman*, 751 F.3d 78, 84 (2d Cir. 2014). There are no facts in the AC from which the Court could infer that Besso is a state actor, as opposed to a private attorney. Although Plaintiff alleges that Besso was "assigned" to represent him, (AC at 24), "it is well-established that court-appointed attorneys performing a lawyer's traditional functions as counsel . . . do not act under color of state law and therefore are not subject to suit

---

[4] Plaintiff does not expressly state that Thorpe is a supervisor at Shawangunk. All of the allegations specifically directed against Thorpe, however, involve the alleged denial of Plaintiff's access to religious services. (*See* AC at 21-23.) Given that Plaintiff is now incarcerated at Shawangunk, and his allegations compare his treatment as a pretrial detainee to that of convicted inmates at Shawangunk, the Court understands the AC to allege that Thorpe was responsible for refusing to allow Plaintiff to freely practice his religion at Shawangunk. Further, the address provided for Thorpe in the AC is in Marcy, New York, which is also in the Northern District and the location of Marcy and Mid-State Correctional Facilities. (*Id.* at 10.) It thus appears that the religion claims do not relate to Plaintiff's time at Sing Sing.

under 42 U.S.C. § 1983." *Rodriguez*, 116 F.3d at 65-66; *see Delarosa v. Serita*, No. 14-CV-737, 2014 WL 1672557, at *3 (E.D.N.Y. Apr. 28, 2014) (collecting cases).

The Second Circuit has held that a private individual may be liable under § 1983 if he or she "acted in concert with the state actor to commit an unconstitutional act," meaning that he or she was "a willful participant in joint activity with the State or its agents." *Betts*, 751 F.3d at 84. But while Plaintiff baldly alleges that Besso "conspired" with District Attorney Tierney and Judge Senft, (AC at 24), the AC is devoid of any facts to support this allegation, *see Ciambriello v. County of Nassau*, 292 F.3d 307, 324 (2d Cir. 2002) ("A merely conclusory allegation that a private [individual] acted in concert with a state actor does not suffice to state a § 1983 claim against the private [individual]."); *Gill v. Silver Invs. Inc.*, 413 F. Supp. 3d 123, 127 (E.D.N.Y. 2016) ("To state a Section 1983 conspiracy claim against a private [individual], Plaintiffs must do more than plead simply and in conclusory fashion that Defendants 'conspired' with state actors."). The only facts alleged regarding Besso are (1) that he "requested adjournments, and extensions against Mr. Barry's wishes, and without his consent" despite Mr. Barry's desire to have his indictment dismissed on speedy trial act grounds; and (2) that he failed to object when Judge Senft "declared that time counted against Mr. Barry . . . when neither counsel was in court." (AC at 25.) These allegations fall far short of rendering plausible Plaintiff's claim that Besso conspired with Tierney and Seft to "waive the speedy trial issue" and "cause[] Mr. Barry to stay in prison longer." (*Id.*) Accordingly, Plaintiff has failed to state a claim against Besso.

Moreover, Besso's actions are alleged to have occurred in Suffolk County and share no questions of law or fact in common with the claims against the Sing Sing Defendants. Thus, the Court will not grant leave to amend as to Besso because any added claims against him would be improperly joined. *See Hester*, 2022 WL 457951, at *2; *Vializ*, 2011 WL 5374133, at *1.

### C. Claims Against Tierney

Plaintiff's added claims against Tierney, the Suffolk County District Attorney, also cannot survive dismissal. "[A]bsolute immunity bars a civil suit against a prosecutor for conduct that is intimately associated with the judicial phase of the criminal process." *Corley v. Vance*, 365 F. Supp. 3d 407, 446 (S.D.N.Y. 2019), *aff'd sub nom. Corley v. Wittner*, 811 F. App'x 62 (2d Cir. 2020); *see Rich v. New York*, No. 21-CV-3835, 2022 WL 992885, at *6 (S.D.N.Y. Mar. 31, 2022). There are no specific factual allegations of any misconduct by Mr. Tierney, let alone those suggesting that he was acting outside the scope of his duties as a prosecutor. The claims against Tierney are therefore dismissed, and the dismissal is without leave to amend for the same reasons set forth as to Besso.

### D. Claims Against Judge Senft

Plaintiff's added claims against Judge Senft are similarly deficient. "It is well settled that judges generally have absolute immunity from suits for money damages for their judicial actions." *Bliven v. Hunt*, 579 F.3d 204, 209 (2d Cir. 2009). The conduct with which Plaintiff takes issue – Judge Senft's decision that adjournments counted against Plaintiff for Speedy Trial Act purposes (AC at 24, 27-28) – was clearly judicial action. *See Coombs v. United States*, No. 21-CV-3761, 2021 WL 2453496, at *3 (S.D.N.Y. June 15, 2021) (order excluding time under Speedy Trial Act was a judicial act entitled to absolute immunity); *see also Murphy v. Rockland Cnty.*, No. 25-CV-1950, 2025 WL 2689039, at *7 (S.D.N.Y. Sept. 18, 2025) (claims against judge for "acts arising out of, or related to, individual cases before him" dismissed as frivolous on judicial immunity grounds); *Arce v. Turnbull*, No. 17-CV-696, 2019 WL 4451477, at *3 (W.D.N.Y. Sept. 17, 2019) ("Acts arising out of, or related to, individual cases before the judge are considered judicial in nature.").

Moreover, to the extent that Plaintiff seeks relief against Judge Senft in the form of a declaratory judgment, "[a]bsolute judicial immunity bars declaratory judgment claims that are retrospective in nature in that they seek a declaration that a judge's past behavior has violated the Constitution." *Leathersich v. Cohen*, No. 18-CV-6363, 2018 WL 3537073, at *4 (W.D.N.Y. July 23, 2018), *appeal dismissed*, No. 18-2600, 2019 WL 994360 (2d Cir. Jan. 30, 2019); *see Bythewood v. New York*, No. 22-2542, 2023 WL 6152796, at *2 (2d Cir. Sept. 21, 2023) (summary order) (plaintiff "cannot avoid the application of immunity by seeking a declaration that a judge violated his federal rights through prior adverse rulings"). Plaintiff's claims against Judge Senft are dismissed, without leave to replead for the same reasons set forth as to Besso.

E.   **Claims Against Nassau and Suffolk Sheriffs and Wardens**

Finally, Plaintiff claims in conclusory fashion that the Nassau and Suffolk County Sheriffs and the Wardens of Nassau and Suffolk Correctional Facilities "were all responsible for allowing [him] to be housed in Sing Sing" and failed to "research Sing Sing, to determine if another prison would suit [him] better, before sending a pre-trial detainee to a war zone." (AC at 15.) First, Plaintiff provides no factual allegations suggesting that these defendants played any role in selecting where he would be housed or had any authority to assign him to a different facility. But even if they did, "New York law does not place conditions on interprison transfers," and pretrial detainees have "no liberty interest under either federal or state law to be located at a particular prison facility." *Tamarez v. Hochul*, No. 21-CV-10678, 2023 WL 4564670, at *8 (S.D.N.Y. June 30, 2023), *report and recommendation adopted*, 2023 WL 4562283 (S.D.N.Y. July 17, 2023); *see Corley v. City of N.Y.*, No. 14-CV-3202, 2017 WL 4357662, at *6 (S.D.N.Y. Sept. 28, 2017) ("The Constitution does not grant a prisoner a liberty interest in the location of his place of confinement."). Thus, to the extent that Plaintiff attempts to base his § 1983 claims on allegations that he should not have been transferred to Sing Sing in the first place – even

8

assuming that the Nassau and Suffolk defendants had any control over his transfer – these claims fail. If Plaintiff can rectify these deficiencies with facts, he may do so in his Second Amended Complaint.

### F.  Unidentified Defendants

Under *Valentin v. Dinkins*, a *pro se* litigant is entitled to assistance from the Court in ascertaining an unidentified defendant's identity and that defendant's service address. 121 F.3d 72, 76 (2d Cir. 1997). In his complaint, Plaintiff supplies sufficient information to permit DOCCS to ascertain the identity and service address of both "John Doe 1," who was the intake sergeant upon Plaintiff's arrival at Sing Sing, and "John Doe 5," whom Plaintiff describes as the DOCCS employee "that is the final decision maker in the movement and control department." (AC at 12, 14.) The Attorney General of the State of New York, who is the agent of and attorney for DOCCS, must provide this information to Plaintiff and the Court within 60 days of the date of this order. The Attorney General is also directed to identify by name the Deputy Superintendent of Administration and Deputy Superintendent of Programs at Sing Sing, who were previously served based on Plaintiff's initial complaint but who were referred to as "John Does 3 and 4" in the AC.

While they are not included in the case caption, the AC also includes allegations against "multiple John Doe and Jane Doe correction officers" who allegedly "watched the attack, and ensured that Mr. Barry was seriously injured, before they intervened." (AC at 15.) The Attorney General is also directed to identify all correction officers who were present in the yard at Sing Sing at the time Plaintiff was attacked and provide the names and service addresses for these individuals within 60 days of the date of this order.

Within 30 days of receiving this information, Plaintiff must file a second amended complaint substituting the "John Doe" defendants with the newly identified individuals and

9

including their service addresses. The second amended complaint will replace, not supplement, Plaintiff's original complaint. A Second Amended Complaint form that Plaintiff should complete is attached to this order. Once Plaintiff has filed the second amended complaint, the Court will screen it and, if necessary, issue an order directing service on the newly identified defendants.

## CONCLUSION

The Court dismisses Plaintiff's claims against B. Thorpe, L. Brennan, Dr. Win, Dr. Friel, Eric Besso, Raymond A. Tierney, Hon. Anthony Senft, and John Does 6-9. Fed. R. Civ. P. 12(h)(3); *see* 28 U.S.C. § 1915(e)(2)(B)(iii). The Court dismisses Plaintiff's claims against the Nassau and Suffolk County Sheriffs and Wardens with leave to replead in the Second Amended Complaint. The Court also directs the Clerk of Court to terminate John Doe 2 and reinstate Babu Thumpayil as a defendant.

The Court postpones the deadline for the submission of Defendants' Motion to Dismiss or Answer to a date that will be set after Plaintiff has filed a Second Amended Complaint.

The Court certifies under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

**SO ORDERED.**

Dated: October 9, 2025
      White Plains, New York

                                                CATHY SEIBEL, U.S.D.J.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____
Write the full name of each plaintiff.

-against-

_____

_____

_____
Write the full name of each defendant. If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section IV.

No. _____
(To be filled out by Clerk's Office)

**SECOND AMENDED**
**COMPLAINT**
(Prisoner)

Do you want a jury trial?
☐ Yes     ☐ No

---

### NOTICE

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

Rev. 5/6/16

## I.     LEGAL BASIS FOR CLAIM

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "*Bivens*" action (against federal defendants).

☐  Violation of my federal constitutional rights

☐  Other: _____

## II.    PLAINTIFF INFORMATION

Each plaintiff must provide the following information. Attach additional pages if necessary.

_____
First Name                    Middle Initial                    Last Name

_____
State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

_____
Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

_____
Current Place of Detention

_____
Institutional Address

_____
County, City                              State                              Zip Code

## III.   PRISONER STATUS

Indicate below whether you are a prisoner or other confined person:

☐   Pretrial detainee
☐   Civilly committed detainee
☐   Immigration detainee
☐   Convicted and sentenced prisoner
☐   Other: _____

Page 2

## IV. DEFENDANT INFORMATION

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1:

| First Name | Last Name | Shield # |

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |

Defendant 2:

| First Name | Last Name | Shield # |

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |

Defendant 3:

| First Name | Last Name | Shield # |

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |

Defendant 4:

| First Name | Last Name | Shield # |

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |

## V. STATEMENT OF CLAIM

Place(s) of occurrence:

Date(s) of occurrence:

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach additional pages as necessary.

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

## VI.   RELIEF

State briefly what money damages or other relief you want the court to order.

## VII. PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

_____        _____
Dated                                  Plaintiff's Signature

_____        _____
First Name        Middle Initial       Last Name

_____
Prison Address

_____
County, City                  State                  Zip Code

Date on which I am delivering this complaint to prison authorities for mailing: _____

Page 6