UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

OUMAR BARRY,

                      Plaintiff,

          -against-

NEW YORK STATE DEPARTMENTOF
CORRECTIONS AND COMMUNITY
SUPERVISION, *et al.*,

                   Defendants.

No. 25-CV-791 (CS)

ORDER OF SERVICE

CATHY SEIBEL, United States District Judge:

By order dated October 9, 2025, (ECF No. 38), the Court directed the Attorney General to identify and provide services addresses for the defendants named as John Does 1 and 5 in Plaintiff's First Amended Complaint, (ECF No. 36 ("FAC")), as well as the John/Jane Does in the yard at Sing Sing at the time Plaintiff was allegedly assaulted. The order also dismissed Plaintiff's claims against the Nassau and Suffolk County Sheriffs and the Wardens of Nassau and Suffolk Correctional Facilities (the "Nassau and Suffolk Defendants"), named in the FAC as John Does 6-9, but permitted Plaintiff to replead his claims against these defendants in the Second Amended Complaint if he could allege sufficient facts to state a claim against them. (ECF No. 38 at 8-9.)

On December 8, 2025, the Attorney General filed a letter identifying John Doe 1 as Sgt. Uli Ulerio and John Doe 5 as C.O. Vicky Jarvis, as well as providing service addresses for these defendants. (ECF No. 42.) The letter also identified the defendants named in the FAC as the "Deputy Superintendent of Administration" and the "Deputy Superintendent of Programs" as Albert Helms and Elaine Velez, respectively, and provided service addresses for these defendants. (*Id.*) Finally, the letter provided the names and service addresses of Sgt. Salvatore

Gregory and C.O. Kendale Balfour, who, along with Defendant Bailey, were in the yard at the time of the alleged assault.

On December 30, 2025, Plaintiff filed his Second Amended Complaint, which added claims against all of the individuals identified by the Attorney General.  (ECF No. 44 ("SAC").)  The SAC also reasserted claims against original defendants Martuscello, Capra, Thumpayil, and Bailey, as well as against the Nassau and Suffolk Defendants, who are again named as John Does 6-9.  (*Id.*)

## DISCUSSION

### A.    Claims Against Nassau and Suffolk Defendants

The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity.  *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the court lacks subject matter jurisdiction.  *See* Fed. R. Civ. P. 12(h)(3).

Plaintiff bases his claims against the Nassau and Suffolk Defendants (John Does 6-9) on their alleged responsibility for placing him in Sing Sing.  (SAC at 13, 17-18.)[1]  As this Court previously held, such allegations are insufficient to state a claim.  (ECF No. 38 at 7-8.)  While the SAC adds allegations that the Nassau and Suffolk defendants took part in "the conspiracy to

---

[1] All citations to documents submitted by Plaintiff use the page numbers generated by the Court's Electronic Case Filing ("ECF") system.

make sure that Mr. Barry was assaulted," (SAC at 16-17), this purely conclusory allegation does not remedy the deficiencies identified in the FAC, nor does Plaintiff's allegation that the Nassau and Suffolk Defendants signed "multiple Writs of Habeas Corpus" in order to effectuate the transfer, (*id.* at 17-18).   There are no facts rendering it plausible that the Nassau and Suffolk Defendants had control over the State facility to which Plaintiff would be sent, or that they knew or should have known that his placement with DOCCS posed a serious risk to his safety.   The claims in the SAC against John Does 6-9 are therefore dismissed.

**B.      Service on Additional Defendants**

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on assistance from the Court and the United States Marshals Service ("USMS") to effect service.[2] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP).

To allow Plaintiff to effect service on Defendants Ulerio, Helms, Velez, Jarvis, Gregory, and Balfour, the Clerk of Court is instructed to fill out the USMS Process Receipt and Return form ("USM-285 forms") for these defendants.   The Clerk of Court is further instructed to issue summonses and deliver to the USMS all the paperwork necessary for the USMS to effect service upon these defendants.

If the complaint is not served on these defendants within 90 days after the date that the summons issues, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*,

---

[2]Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have effected service until the Court reviewed the SAC and ordered that any summonses be issued. The Court therefore extends the time to serve until 90 days after the date that any summonses issue.

682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service). Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

**CONCLUSION**

The Court dismisses Plaintiff's claims against John Does 6-9.

The Clerk of Court is instructed to issue summonses for Defendants Ulerio, Helms, Velez, Jarvis, Gregory, and Balfour; complete USM-285 forms with their addresses; and deliver all documents necessary to effect service to the U.S. Marshals Service.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

**SO ORDERED.**

Dated: January 7, 2026
     White Plains, New York

_____
CATHY SEIBEL, U.S.D.J.

**DEFENDANT AND SERVICE ADDRESS**

1. Uli Ulerio
   Marcy Correctional Facility
   9000 Old River Road, P.O. Box 5000
   Marcy, NY 13403-5000

2. Albert Helms
   Sing Sing Correctional Facility
   354 Hunter Street
   Ossining, NY 10562- 5442

3. Elaine Velez
   Fishkill Correctional Facility
   18 Strack Drive
   Beacon, NY 12508-0307

4. Vicky Jarvis
   Sing Sing Correctional Facility
   354 Hunter Street
   Ossining, NY 10562-5442

5. Kendale Balfour
   Sing Sing Correctional Facility
   354 Hunter Street
   Ossining, NY 10562-5442

6. Salvatore Gregory
   Sing Sing Correctional Facility
   354 Hunter Street
   Ossining, NY 10562-5442